### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KAREN THOMSEN and ) | |
| KATHRYN McCAULEY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. CIV-05-1196-F |
| ) | |
| THE CITY OF ANADARKO, ) | |
| OKLAHOMA, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the court is the Motion in Limine of Defendant, City of Anadarko, filed August 25, 2006 (doc. no. 41). Plaintiffs have responded, defendant has replied and plaintiffs have sur-replied. The motion is ready for determination.

Defendant seeks to exclude from evidence any testimony or exhibits concerning back pay and front pay damages for plaintiff, Karen Thomsen. As to plaintiff Kathryn McCauley, defendant seeks to exclude any testimony and exhibits concerning front pay damages, as well as testimony and exhibits concerning back pay damages after July of 2005. Defendant contends that the challenged evidence is irrelevant due to the fact that both plaintiffs have failed to mitigate their damages. Specifically, as to plaintiff, Kathryn McCauley, defendant asserts that plaintiff affirmatively testified in deposition that she made no efforts after mid-July 2005 to seek alternate employment. According to defendant, plaintiff elected to withdraw from the work force after mid-July and chose to rely upon social security benefits, which she had applied for in February of 2005. As to plaintiff, Karen Thomsen, defendant contends that plaintiff underwent surgery for carpal tunnel syndrome on January 18, 2005 and

admits that she has not been released to return to work from that time. Moreover, plaintiff has been receiving temporary total disability payments through the Oklahoma Workers' Compensation Court, as authorized by 85 O.S. § 1, *et seq*. Defendant contends that any award of back pay would be "double dipping." Although plaintiff has opined that she could have returned to work on a light duty status had she not been terminated by defendant, defendant argues that the opinion is inadmissible. Furthermore, defendant argues that plaintiff has failed to show that she made any effort to look for equivalent work, aside from one inquiry in nineteen months. Finally, defendant argues that by receiving temporary total disability payments, Ms. Thomsen is deemed under Oklahoma law to have no earning capacity. According to defendant, under Oklahoma law, a person who is gainfully employed or is able to work is not entitled to temporary total disability compensation.

"Unquestionably, wrongfully discharged claimants have an obligation to use reasonable efforts to mitigate their damages." Equal Employment Opportunity Commission v. Sandia Corp., 639 F.2d 600, 627 (10th Cir. 1980). The burden is on the employer to show that the claimant did not exercise reasonable diligence in mitigating the damages caused by the employer's illegal action. *Id.* To satisfy this burden, the employer must satisfy a two-part test: (1) there were suitable positions which the claimant could have discovered and for which she was qualified, and (2) the claimant failed to use reasonable care and diligence in seeking such a position. *Id.* In its motion, defendant acknowledges its burden in regard to mitigation of damages and the existence of the above two-part test. However, defendant urges the court to follow the "weight of authority" from other circuits that relieves the employer defendant of the burden of proving the availability of suitable positions, if the employer shows that its former employee made no effort to secure suitable employment. Quint v. A.E. Staley Mfg. Co., 172 F.3d 1, 16 (1st Cir. 1999);

Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 53 (2nd Cir. 1998); Tubari Ltd., Inc. v. N.L.R.B., 959 F.2d 451, 458 (3rd Cir. 1992); Weaver v. Casa Gallardo, Inc., 922 F.2d 1515, 1527 (11th Cir. 1991); Sellers v. Delgado College, 902 F.2d 1189, 1193 (5th Cir.), *cert. denied*, 498 U.S. 987 (1990).  This exception is based on the rationale that an employer should not be assigned the burden of showing that other substantially similar employment existed when the employee has failed to pursue any employment at all.  Greenway, 143 F.3d at 54.

The court notes that the Tenth Circuit has clearly stated that the employer is required to satisfy "*both* prongs of the above two-part test."  Aguinaga v. United Food and Commercial Workers International Union, 993 F.2d 1463, 1474 (10th Cir. 1993) (emphasis in original).  Furthermore, the Tenth Circuit has specifically concluded that a failure on the part of the employer to prove the availability of suitable positions results in a failure of the employer to satisfy its burden of proof on the issue of mitigation and that evidence regarding individual mitigation efforts of a plaintiff is, in these circumstances, irrelevant.  *Id.*; *see also*, Goodman v. Fort Howard Corp., 1994 WL 371528, *4 (10th Cir. July 18, 1994) (employer did not meet burden of showing that employee failed to mitigate damages because employer failed to produce any evidence indicating the existence of suitable positions which employee could have discovered and for which he was qualified; evidence of employee's withdrawal from job market and status as a full-time student is irrelevant).  However, the court also notes that the employers in these cited cases did not expressly request the Tenth Circuit to adopt the exception advocated by defendant in this case.

Most of the circuit cases adopting the exception involved employees who made virtually no effort to find comparable employment.  *See*, Hutchins v. Field Support Services, Inc., 2006 WL 1328766 (W.D. Okla. May 11, 2006) (the exception appears to be available, even in those circuits which recognize it, only in the "relatively rare

case" where a discharged employee "has remained completely idle following . . . discharge. . . .") (quoting Quint, 172 F.3d at 16).  In this case, plaintiff, Kathryn McCauley's testimony does show that she did make some effort to find comparable employment for approximately six months in 2005.  As to the period after that six-month period, the court is not convinced that plaintiff's testimony conclusively shows that she made no effort to secure employment. Moreover, as pointed out by plaintiff, her testimony does show that she was listed with the state employment service on its website.  The court notes that the employee's burden to mitigate damages is not onerous and does not require her to be successful in mitigation, only to exercise reasonable efforts in light of the individual characteristics of the employee and job market.  U.S. v. Lee Way Motor Freight, Inc., 625 F.2d 918, 938 (10th Cir. 1979); Rasimas v. Michigan Dep't of Mental Health, 714 F.2d 614, 624 (6th Cir. 1983). Furthermore, the court notes that according to plaintiff's testimony, she was entitled to retire with full social security benefits in January of 2007 and that she had paid for her home and could not financially afford to move to another location.  She also testified that there were no positions available in her town of Anadarko.  Therefore, the court declines to adopt the exception for this case as to plaintiff, Kathryn McCauley.  As defendant has not offered proof of a comparable position for plaintiff during the relevant time period, the court declines to preclude plaintiff from offering evidence of back pay damages after mid-July 2005 and front pay damages.

As to plaintiff, Karen Thomsen, the court also declines to adopt the exception. Plaintiff's testimony shows that she did not remain completely idle after her discharge. She applied for a position in the town of Seiling.  She also contacted the unemployment office, which informed her that it could not help to find her a job until she had been released by her doctor without any work restrictions. Further, at the time

of her deposition in April of 2006, plaintiff was proceeding with finalizing a contract with the city of Gracemont.

Defendant also argues that plaintiff, Karen Thomsen, should be precluded from introducing any evidence of back pay and front pay damages because she is receiving temporary total disability benefits. In its reply, defendant contends that under Oklahoma law, a worker cannot obtain temporary total disability benefits if the worker is able to work. *See*, Gray v. Natkin Contracting, 44 P.3d 547, 551 (Okla. 2001). Because plaintiff is receiving temporary total disability benefits, defendant contends that she has been determined to be unavailable for work and should not be allowed to recover any back pay damages or front pay damages from defendant.

Generally, an employer is not liable for back pay and front pay damages when an alleged improperly discharged employee is unavailable for work due to a disability. *See*, Canova v. N.L.R.B., 708 F.2d 1498, 1505 (9th Cir. 1983); *see also*, Spulak v. K Mart Corp., 894 F.2d 1150, 1158 (10th Cir. 1990). The court, however, finds that the award of temporary total disability benefits to plaintiff does not have preclusive effect on the issue of whether plaintiff was unavailable for work due to her disability. Although the entitlement to temporary total disability compensation is generally a question of fact to be decided by the workers' compensation court, *see*, Gray, 44 P.3d at 550, the issue of plaintiff's capacity to perform work, as indicated by plaintiff, was never an issue litigated by the parties in the workers' compensation court. Plaintiff's entitlement to temporary total disability benefits was undisputed by defendant. The test for issue preclusion is whether the question of fact in issue in the second action (this action) is a question which was actually determined in the first adjudication. Slayton v. Willingham, 726 F.2d 631, 633 (10th Cir. 1984); Carris v. John R. Thomas and Associates, P.C., 896 P.2d 522, 528 (Okla. 1995). It does not appear to the court

that the question of plaintiff's capacity to work was actually determined or that the issue was indeed fully and fairly litigated.

In this case, plaintiff's first surgery on her hand occurred in 2003. She returned to work for defendant within approximately 30 days on light duty and performed her jobs for defendant under light duty for a whole year. Plaintiff advised defendant prior to her discharge of her second scheduled surgery. She was not offered light duty but was terminated. Although plaintiff was receiving temporary total disability benefits, the court concludes that she should not be precluded from showing that she was available for light duty work, as she has testified in deposition. The court concludes that plaintiff's lay opinion is admissible under Fed. R. Evid. 701 on the issue of her ability to work and that such testimony is sufficient to raise a question of fact as to the issue of back pay and front pay damages. Spulak, 894 F.2d at 1158. The court will not preclude the admissibility of evidence relating to plaintiff's back pay and front pay damages.[1]

Defendant also contends that any award of back pay damages would be "double dipping" due to her receipt of temporary total disability benefits and any back pay damages for plaintiff, Karen Thomsen, should be reduced by the benefits she has received. The resolution of this issue requires application of collateral source rule. Payments from sources other than the tortfeasor are not credited against its liability, even though they cover the harm for which the tortfeasor is liable. *See*, Restatement (Second) Torts § 920A (1979)(stating rule). The collateral source rule has been

---

[1] In its reply brief, defendant indicates that plaintiff received her temporary total disability payments through spring of 2006. The court cannot determine from the record, with an adequate degree of certainty, whether or when plaintiff's payments were terminated. If plaintiff was no longer receiving temporary total disability payments after spring of 2006, defendant's argument relating to plaintiff being unavailable to work due to her receipt of temporary total disability benefits would not apply to preclude any back pay damages after the spring of 2006 (or, for that matter, front pay damages).

applied by Tenth Circuit in employment discrimination cases. Whatley v. Skaggs Companies, Inc., 707 F.2d 1129, 1138 (10th Cir.), *cert. denied*, 464 U.S. 938 (1983); Sandia Corp., 639 F.2d at 624-26. Courts have differed as to whether workers' compensation benefits are a collateral source. *Compare*, Moysis v. DTG Datanet, 278 F.3d 819, 828 (8th Cir. 2002) and Thurman v. Yellow Freight Sys., Inc., 90 F.3d 1160, 1171 (6th Cir. 1996) (finding workers' compensation benefits as a collateral source that should not be deducted from back pay damages) with McLean v. Runyon, 222 F.3d 1150, 1156 (9th Cir. 2000) (finding workers' compensation benefits are not from a collateral source).

Defendant, in its reply, states that "TTD benefits could qualify as collateral benefits if the collateral source rule applies. For the collateral source rule to apply, Plaintiff Thomsen must contend that Defendant's challenged action (her termination) caused her carpal tunnel syndrome." *See*, plaintiff's reply, p. 4. The court, however, disagrees with the latter part of this statement. As stated by the Tenth Circuit in Green v. Denver & Rio Grande Western R. Co., 59 F.3d 1029, 1032 (10th Cir.), *cert. denied*, 516 U.S. 1009 (1995), which was also quoted by defendant in its reply, "[t]he collateral source rule allows a plaintiff to seek full recovery from a tortfeasor even though an independent source has compensated the plaintiff in full or in part for the loss." The loss to plaintiff from defendant's alleged discriminatory act is lost wages. The temporary total disability benefits received by plaintiff were also for lost wages. The fact that defendant did not cause or contribute to the injury resulting in the temporary total disability benefits does not, in the court's view, preclude application of the collateral source rule. *See*, *e.g.*, Moysis, *supra*., (applying collateral source rule to workers' compensation benefits paid by insurance company due to injury not caused or contributed to by employer's illegal act.) As it appears from defendant's reply that the temporary total disability benefits would be considered collateral

benefits, the court declines to conclude, at this time, that plaintiff, Karen Thomsen's award of back pay must be reduced by the amount of her temporary total disability benefits.

Based upon the foregoing, the Motion in Limine of Defendant, City of Anadarko, filed August 25, 2006 (doc. no. 41), is **DENIED**.

Dated this 25th day of September, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-1196p013(pub).wpd